IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KENNON AUNRI JOHNSON**                                                               **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 2:20-cv-107-KS-MTP**

**SHERIFF JOE BERLIN, ET AL.**                                          **RESPONDENTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Kennon Aunri Johnson and the Motion to Dismiss [9] filed by Respondents. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss [9] be granted, the Petition [1] be denied, and this action be dismissed without prejudice.

## BACKGROUND

Petitioner is a pretrial detainee housed at the Jones County Adult Detention Center. On December 4, 2019, Petitioner was arrested for reckless driving, driving without a license, and fleeing a law enforcement officer. *See* Investigation Report [9-2] at 3. On June 12, 2020, Petitioner filed his Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. Petitioner challenges his arrest, claims that he is being detained without an indictment, and claims that he is being denied a bond, a speedy trial, a preliminary hearing, and due process, generally. *See* Petition [1]; Amended Petition [5]; Order [6].

On July 20, 2020, Respondents filed a Motion to Dismiss [9] arguing, *inter alia*, that the Petition should be dismissed because Petitioner failed to exhaust his available state court remedies. Thereafter, Petitioner filed a Response [12], and Respondents filed a Reply [13].

1

## ANALYSIS

A state pretrial detainee may raise constitutional claims relating to his confinement in a federal habeas proceeding under 28 U.S.C. § 2241. A petitioner, however, must first exhaust available state court remedies as to each ground upon which he seeks habeas relief. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). "[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. The exhaustion doctrine "was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process." *Id*.

To satisfy the exhaustion requirement, a petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The petitioner must present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to consider them. Here, Petitioner "would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court." *Hudson v. Mississippi*, 2009 WL 2487930, at *1 (S.D. Miss. Aug. 12, 2009). "The exhaustion requirement is excused only in those rare cases where exceptional circumstances of peculiar urgency mandate federal court interference." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In his Amended Petition [5], Petitioner asserts that he previously challenged his arrest and detention in the United States Court of Appeals for the Fifth Circuit. *See* [5] at 2.[1]

---

[1] According to documentation submitted by Petitioner, the Fifth Circuit Court of Appeals did not accept his habeas petition because he had not first filed a petition in a United States District

2

Petitioner, however, must exhaust his remedies in *state court*, and Petitioner does not assert that he has presented his claims to the Mississippi Supreme Court as is necessary before he presents those claims to a federal court in a habeas petition.[2] A review of the Mississippi Supreme Court's docket confirms that Petitioner has not presented his claims in that court.[3] Thus, Petitioner has failed to exhaust his state court remedies. *See Hillie v. Webster*, 2019 WL 1304256, at *4 (N.D. Miss. Jan. 4, 2019) (noting that petitioner did not seek a remedial writ in the Mississippi appellate courts and finding that petitioner failed to exhaust his state court remedies).

Petitioner argues that federal intervention is, nevertheless, warranted "to disrupt the Respondents['] lack of record keeping by and through this Honorable Court notifying the Internal Revenue Service, the Office of Management and Budget, the Treasury Inspector General Criminal Investigation Division, State of Mississippi Post Master General, and Federal Bureau of Investigation." *See* [12] at 7. As previously mentioned, the exhaustion requirement may be excused in rare cases with extraordinary circumstances. *See Deters*, 985 F.2d at 795. Neither Respondents' alleged lack of record keeping nor anything else of record demonstrates extraordinary circumstances warranting excusal from the exhaustion requirement and federal interference at this juncture. *See Nicholas v. Hamilton*, 2015 WL 3887162, at *1 (W.D. Tex. June 23, 2015). The record in this case does not warrant depriving the state courts of an

---

Court. He was further informed by the Clerk of the Fifth Circuit Court of Appeals that he "must exhaust all available state remedies, as well." [12-3] at 3.

[2] In his Reply [12], Petitioner states that, in addition to his pleading in the Fifth Circuit, he sent "filings, pleadings, and numerous attempts" to Respondents, who include Sheriff Joe Berlin, Captain Jason R. Anderson, and Warden T. Windham. Petitioner does not claim to have presented his claims to the Mississippi Supreme Court or any state appellate court. Complaints to jailors and law enforcement do not satisfy the exhaustion requirement.

[3] *See* https://courts.ms.gov/ (last visited October 27, 2020).

"opportunity to confront and resolve initially any constitutional issues." *Dickerson*, 816 F.2d at 225.

Indeed, this case presents an example of why exhaustion is required: Petitioner complains in his Petition—filed on June 12, 2020—that he is being detained without an indictment, but on July 17, 2020, Petitioner was indicted for fleeing a law enforcement officer. *See* Indictment [9-1]; *Fields v. Hubbard*, 2020 WL 4810988, at *4 (S.D. Miss. June 18, 2020).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. the Motion to Dismiss [9] be GRANTED;

2. the Petition [1] be DENIED; and

3. This action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 28th day of October, 2020.

                s/Michael T. Parker
                UNITED STATES MAGISTRATE JUDGE